UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KUWESE COREYELLE WALKER,

Plaintiff,

v.

CITY OF SACRAMENTO, CA; THE SACRAMENTO POLICE DEPARTMENT; and DOES 1-5 IN THEIR OFFICIAL AND PERSONAL CAPACITY,

Defendants.

No. 2:15-cv-00656-MCE-EFB

**MEMORANDUM AND ORDER**

This lawsuit arises from the detention, search and arrest of Plaintiff Kuwese Coreyelle Walker ('Plaintiff") for domestic violence by the Sacramento Police Department, and a subsequent motor vehicle accident that occurred when the patrol car transporting Plaintiff to the Sacramento County Jail hit a concrete pillar in the jail's underground parking lot as the patrol car was parking. Plaintiff's complaint, initially filed in state court, was removed here on federal question grounds pursuant to 28 U.S.C. § 1331. Defendant City of Sacramento ("City") now moves for partial summary judgment as to six of the seven causes of action pled against it. As set forth below, that Motion is GRANTED.[1]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

**BACKGROUND**

Factually, this case stems from Plaintiff's arrest by Sacramento Police Officers after they responded to a domestic violence in progress call at the Motel 6 located at 227 Jibboom Street in Sacramento, California. Defendant City's Statement of Undisputed Facts, No. 1. Plaintiff had fled the Motel 6 where the violence allegedly occurred and was located sitting on the nearby Jibboom Street bridge. Id. at 2 ,6. Officers arrested him and drove him back to the Motel 6, where a woman claimed that Plaintiff had choked her and punched her in the face with a closed fist. Id. at 9, 11. After investigating the matter, Plaintiff was searched and placed under arrest for violations of California Penal Code § 273.5 (domestic violence) and § 1203.2 (violation of probation). Id. at 16.

A Sacramento Police Officer then proceeded to transport Plaintiff to the Sacramento County Jail in his patrol vehicle. Id. at 17. During transport, Plaintiff was in handcuffs and was seated without a seatbelt in the back seat of the patrol vehicle. Id. at 18. As the Officer was parking in the jail's underground parking lot, he hit a concrete pillar at an estimated speed of less than two miles an hour. Id. at 19. In the present complaint, Plaintiff alleges he sustained injuries as a result of that collision. Id. at 20.

Through the present motion, the City argues it is entitled to partial summary judgment with respect to Plaintiff's claims for: 1) police misconduct in violation of 42 U.S.C. § 1983, as alleged in Plaintiff's Seventh Cause of Action; 2) negligent training supervision and retention, also under § 1983 as alleged in Plaintiff's Second Cause of Action; 3) state constitutional violations as alleged in the Sixth Cause of Action; 4) gross negligence under the Third Cause of Action; 5) intentional infliction of emotional distress as set forth in the Fourth Cause of Action; and 6) battery as alleged in the Fifth Cause of Action. The only cause of action not challenged by the City's Motion is the First Cause of Action, for negligence in allegedly hitting the pillar in the parking lot and in failing to secure Plaintiff properly beforehand.

# STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

///
///
///
///

**ANALYSIS**

The City's moving papers meet its initial burden of showing its entitlement to partial summary judgment as to the six causes of action delineated above. That shifts the burden, under the Matsushita analysis cited above, to Plaintiff to show that genuine material issues of fact indeed exist. Plaintiff has failed to meet that burden, and in the absence of any showing whatsoever, the City is entitled to partial summary judgment in its favor as requested.

Although Plaintiff is represented by counsel, that counsel, Kenneth W. Burt II, responded to the City's Motion not by making any real substantive opposition, or citing any evidence, but instead by simply claiming that Plaintiff was without funds to oppose the motion. Plaintiff's counsel goes on to ask the Court to order that the City file a copy of Plaintiff's deposition, and for the Court to then review that transcript prior to any ruling on the City's Motion, since "Plaintiff sets forth material facts in [his] deposition which give support to the pleading, and entitle the matter to be decided by a jury." Pl.'s Response, ECF No. 18, 2:4-5. Based on counsel's bare allegation alone, Plaintiff requests that the City's Motion be denied.[2]

Plaintiff's apparent effort to shift the burden of identifying triable issues of fact to the Court, upon its own examination of Plaintiff's deposition transcript, cannot be countenanced. As the Seventh Circuit has observed, "[j]udges are not like pigs, hunting for truffles buried in briefs," or indeed in any other document. U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

Upon receiving Plaintiff's response, then, the Court notified Plaintiff that his filing failed to comply with the requirements for a valid opposition to a motion for summary judgment under Local Rule 260(b). January 9, 2017 Minute Order, ECF No. 19. The Court further rejected Plaintiff's request both for a fee waiver and for an order that

---

[2] Although Plaintiff also refers to a "digital record" of the collision itself as establishing the City's negligence, the City does not move for summary adjudication as to Plaintiff's First Cause of Action, for negligence.

4

Defendant provide a copy of Plaintiff's deposition transcript.  Id.  Finally, and most significantly, the January 9, 2017 Minute Order both ordered Plaintiff's counsel to file opposition papers in compliance with the Court's Local Rules not later than February 9, 2017, and notified counsel that "failure to do so will result in Defendant's Motion being granted without further notice."  Id.  In order to accommodate the extension being afforded for opposition, the hearing on Defendant City's Motion was continued to February 16, 2017.  Id.

In contravention of the Court's direct order, Plaintiff filed nothing whatsoever in advance of the February 16, 2016 hearing and a review of the docket indicates that Plaintiff has submitted no filings since that time, either.  Consequently, the Court finds that having failed to raise a triable issue of fact to counter the City's prima facie showing that they are entitled to partial summary judgment, the City's Motion will be granted.[3]

## CONCLUSION

For the reasons set forth above, Defendant City of Sacramento's Motion for Partial Summary Judgment (ECF No. 15) is GRANTED.

IT IS SO ORDERED.

Dated:  October 5, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, given Plaintiff's failure to file any opposition in the face of the Court's express order to that effect, dismissal under 41(b) for failure to comply with both Rule 56 and the Court's Local Rules in this regard, let alone the Court's own express order, constitutes yet another ground for dismissal.